THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

CITY OF SALEM, VIRGINIA, )
a political subdivision of the )
Commonwealth of Virginia, )
114 North Broad Street )
City of Salem, Virginia 24153 )
　)
　　　Plaintiff, )
　)
v. )
　)
ALBERTO R. GONZALES, )
Attorney General of the )　　Civil Action No. 1:06-cv-977
United States of America; )　　(BMK, RJL, HHK)
WAN J. KIM, )　　Three-Judge Court
Assistant Attorney General, )
Civil Rights Division, United States )
Department of Justice, Washington, DC, )
　)
　　　Defendants. )

**FILED**
JUL 2 7 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## CONSENT JUDGMENT AND DECREE

This action was initiated by the City of Salem, a political subdivision of the Commonwealth of Virginia (hereafter "the City"). The City is subject to the provisions of Section 5 of the Voting Rights Act of 1965, as amended, 42 U.S.C. §1973c.

The City seeks a declaratory judgment under Section 4 of the Voting Rights Act of 1965, as amended, 42 U.S.C. §1973b. A three-judge court has been convened as provided in 42 U.S.C. §1973b(a)(5) and 28 U.S.C. §2284.

Section 4(a) of the Voting Rights Act provides that a state or political subdivision subject to the special provisions of the Act may be exempted from those provisions if it can demonstrate in an action for a declaratory judgment before the United States

District Court for the District of Columbia that for the ten-year period prior to filing the action and during its pendency, it has both 1) complied with the Voting Rights Act, and 2) taken positive steps both to encourage minority political participation and to remove structural barriers to minority electoral influence. In order to demonstrate compliance with the Voting Rights Act during the ten-year period prior to commencement of a declaratory judgment action under Section 4(a), the City must satisfy five conditions:

> 1) the City has not used any test or device during that ten-year period for the purpose or with the effect of denying or abridging the right to vote on account of race or color;
> 2) no court of the United States has issued a final judgment during that ten-year period that the right to vote has been denied or abridged on account of race or color within the territory of the City, and no consent decree, settlement or agreement may have been entered into during that ten-year period that resulted in the abandonment of a voting practice challenged on such grounds; and no such claims may be pending at the time the declaratory judgment action is commenced;
> 3) no Federal examiners have been assigned to the City pursuant to the Voting Rights Act during the ten-year period preceding commencement of the declaratory judgment action;
> 4) the City and all governmental units within its territory must have complied with Section 5 of the Voting Rights Act, 42 U.S.C. §1973c, during that ten-year period, including the requirement that voting changes covered under Section 5 not be enforced without Section 5 preclearance, and that all voting changes denied Section 5 preclearance by the Attorney General or the District Court for the District of Columbia have been repealed; and
> 5) neither the Attorney General nor the District Court for the District of Columbia have denied Section 5 preclearance to a submission by the City or any governmental unit within its territory during that ten-year period, nor may any Section 5 submissions or declaratory judgment actions be pending. 42 U.S.C. §1973b(a)(1)(A-E).

In addition, to obtain the declaratory judgment, the City and all governmental units within its territory must have: 1) eliminated voting procedures and methods of election that inhibit or dilute equal access to the electoral process, 42 U.S.C.

§1973b(a)(1)(F)(i); and 2) engaged in constructive efforts to eliminate intimidation or harassment of persons exercising voting rights, and to expand the opportunity for convenient registration and voting for every person of voting age, and the appointment of minority persons as election officials throughout the jurisdiction and at all stages of the election and registration process, 42 U.S.C. §1973b(a)(1)(F)(ii-iii). The City is required to present evidence of minority participation in the electoral process, including the levels of minority group registration and voting, changes in such levels over time, and disparities between minority group and non-minority group participation. 42 U.S.C. §1973b(a)(2). In the ten years preceding bailout, the City must not have engaged in violations of any provision of the Constitution or laws of the United States or any State or political subdivision with respect to discrimination in voting on account of race or color. 42 U.S.C. §1973b(a)(3). Finally, the City must provide public notice of its intent to seek a Section 4(a) declaratory judgment. 42 U.S.C. §1973b(a)(4).

The United States, and the Defendants herein, after investigation, have agreed that the Plaintiff has fulfilled all conditions required by Section 4(a) and is entitled to the requested declaratory judgment. The parties have filed a joint motion, accompanied by a Stipulation of Facts, for entry of this Consent Judgment and Decree.

## FINDINGS

Pursuant to the parties' stipulations and joint motion, this Court finds as follows:

1. The City is a political subdivision of the Commonwealth of Virginia, and a political subdivision of a state within the meaning of Section 4(a) of the Voting Rights Act, 42 U.S.C. §1973b(a)(1).

2. There are no other elected governmental units within the meaning of 42 U.S.C. §1973b(a)(1) that exist within the City of Salem.

3. The City is a covered jurisdiction subject to the special provisions of the Voting Rights Act, including Section 5 of the Act, 42 U.S.C. § 1973c.

4. The City was designated as a jurisdiction subject to the special provisions of the Voting Rights Act on the basis of the determinations made by the Attorney General that Virginia maintained a "test or device" as defined by section 4(b) of the Act, 42 U.S.C. § 1973b(b), on November 1, 1964, and by the Director of the Census that fewer than 50 percent of the persons of voting age residing in the state voted in the 1964 presidential election.

5. No discriminatory test or device has been used by the City during the ten years prior to the commencement of this action for the purpose or with the effect of denying or abridging the right to vote on account of race or color.

6. No person in the City has been denied the right to vote on account of race or color during the past ten years.

7. No court of the United States has issued a final judgment during the last ten years prior to the commencement of this action that the right to vote has been denied or abridged on account of race or color in the City of Salem, and no consent decree, settlement, or agreement has been entered into resulting in any abandonment of a voting practice challenged on such grounds during that time. No such claims currently are pending or were pending at the time this action was filed.

8. No Federal Examiners have been assigned to the City within the ten-year period preceding this action.

9. The City has not enforced any voting changes prior to receiving Section 5 preclearance during the ten-year period preceding this action.

10. All voting changes submitted by the City under Section 5 of the Voting Rights Act, 42 U.S.C. §1973c, have been precleared by the Attorney General. No Section 5 submissions by the City are pending before the Attorney General. The City has never sought Section 5 judicial preclearance from this Court.

11. No voting practices or procedures have been abandoned by the City by consent decree of other agreement or challenged on the grounds that such practices or procedures would have either the purpose or the effect of denying the right to vote on account of race or color during the ten-year period preceding this action.

12. The City does not employ voting procedures or methods of election which inhibit or dilute equal access to the electoral process by the City's minority citizens.

13. There is no indication that in the past ten years any persons in the City of Salem have been subject to intimidation or harassment in the course of exercising their right to participate in the political process.

14. The City has engaged in constructive efforts over the years to enhance registration and voting opportunities for all of its citizens of voting age by adding additional hours and locations for persons to register to vote and by adding additional polling locations for persons to cast ballots as necessary.

15. Since the City does not record the race of its registered voters, it is unable to present evidence directly measuring minority voter participation, but the City has provided evidence of voter participation for elections since 1990. Turnout has been highest in the City in presidential election years. For example, in the last three

Presidential elections in 1996, 2000, and 2004, for example, 81.2%, 72% and 73.7% of the City's registered voters turned out to vote, respectively.

16. The City has not engaged, within the ten years prior to the commencement of this action, in any violations of the Constitution or laws of the United States or any State or political subdivision with respect to discrimination in voting on account of race or color.

17. The City has publicized the intended commencement and proposed settlement of this action in the media and in appropriate United States post offices as required under 42 U.S.C. §1973b(a)(4). No aggrieved party has sought to intervene in this action pursuant to 42 U.S.C. §1973b(a)(4).

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1. The Plaintiff, City of Salem, Virginia is entitled to a declaratory judgment in accordance with Section 4(a)(1) of the Voting Rights Act, 42 U.S.C. §1973b(a)(1);

2. The parties' Joint Motion for Entry of Consent Judgment and Decree is GRANTED, and the City of Salem shall be exempt from coverage pursuant to Section 4(b) of the Voting Rights Act, 42 U.S.C. §1973b(b), provided that this Court shall retain jurisdiction over this matter for a period of ten years. This action shall be closed and placed on this Court's inactive docket, subject to being reactivated upon application by either the Attorney General or any aggrieved person in accordance with the procedures set forth in 42 U.S.C. §1973b(a)(5).

3. The parties shall bear their own costs.

Entered this 27th day of July, 2006.

_Brett M. Kavanaugh_
UNITED STATES CIRCUIT JUDGE

_Henry Kennedy, Jr._
UNITED STATES DISTRICT JUDGE

_Ricardo Urbina_
UNITED STATES DISTRICT JUDGE

Approved as to form and content:
For the Plaintiff City of Salem, Virginia

_J. Gerald Hebert_
J. GERALD HEBERT
Attorney at Law
5019 Waple Lane
Alexandria, Va. 22304
(703) 567-5873 (O)
(703) 567-5876 (fax)
DC Bar No. 447676

For the Defendants Alberto R. Gonzales
and Wan J. Kim:
KENNETH L. WAINSTEIN
United States Attorney

_John K. Tanner_
JOHN K. TANNER
DC Bar No. 318873
CHRISTY A. McCORMICK
VA Bar No. 44328
Attorneys, Voting Section
Civil Rights Division
United States Department of Justice
Room 7254 - NWB
950 Pennsylvania Ave., N.W.
Washington, DC 20530
(202) 514-2386